SAMUEL THAYER *vs.* ELLIOT T. SMITH & another.

Worcester. Oct. 6. — Dec. 14, 1874. COLT & MORTON, JJ., absent.

One who indorses, for the accommodation of a partnership, a promissory note signed by one member of the partnership in his own name as maker, and by the other as indorser, can recover, in an action against the partnership for money paid to its use, the amount which he is obliged to pay as indorser.

CONTRACT to recover $2153.94 paid by the plaintiff to the use of Elliot T. Smith and Charles Thayer, late copartners doing business in Worcester under the name of E. T. Smith & Co.

The declaration alleged that the defendant Thayer made a promissory note, dated July 18, 1870, for the sum of $2000, payable four months after date to the order of the plaintiff; that the plaintiff indorsed said note to the defendant Smith; that the defendant Smith indorsed the note, and the same was discounted at the First National Bank of Worcester; and that the plaintiff indorsed said note for the accommodation of the defendants; that afterwards the bank brought an action upon the note against the plaintiff, and he was obliged to pay and did pay in that action to the bank the sum of $2153.94 on December 19, 1871.

The defendant Thayer was defaulted, and Smith alone defended the action. At the trial in the Superior Court, before *Brigham*, C. J., the defendant Smith objected to the introduction of any evidence, on the ground that the plaintiff could not recover against the firm of E. T. Smith & Co., as the name of the firm did not appear on the note. The judge overruled the objection, and admitted evidence tending to show that the defendants were doing business as partners in July, 1870 ; that the defendant Thayer, in pursuance of a previous arrangement and agreement with the defendant Smith, made the note declared on payable to the plaintiff, and procured the plaintiff's indorsement thereon, informing the plaintiff that the defendant Smith would also indorse it, and that Smith afterwards indorsed it ; that the plaintiff indorsed the note for the accommodation of the defendants as a partnership, for the purpose, participated in by both defendants, of raising money to be used in the partnership business ; and such money was raised by discount of the note, and used by both defendants for partnership purposes. This evidence was controverted by the defendant Smith, and he introduced evidence tending to prove that the partnership was dissolved at the time of making the note, and that he indorsed the note for the accommodation of the defendant Thayer, after the plaintiff's indorsement, and after the defendant Thayer had offered it for discount; and that the defendant Thayer, and not the plaintiff, paid the note.

The judge instructed the jury as follows : " It is immaterial that the note was not in form the note of the defendants as a partnership ; if it was made by the two partners, each signing his name in the partnership interest, one as maker and the other as indorser, and therefore the plaintiff, for the accommodation of the parties to the note, and to further the partnership business, indorsed it and paid it, he may recover in this action."

The jury found for the plaintiff, and the defendant Smith alleged exceptions.

*F. P. Goulding*, for the defendant Smith.

*G. F. Verry & F. A. Gaskill*, for the plaintiff, were not called upon.

ENDICOTT, J. This is an action for money paid by the plaintiff for the defendants' use, upon a note which the plaintiff indorsed for the defendants' accommodation and at their request

the proceeds of which they received and used in tneir partnership business, and which, when due, the plaintiff was obliged to pay.

It is not an action on the note itself; and it is immaterial that the note is not in form the note of the partnership, or in what character the defendants signed it, whether as a partnership obligation or not. The only question is whether the plaintiff indorsed and paid it for the accommodation of the partnership. When a person assumes a liability as indorser for the accommodation of another, and is compelled to pay in pursuance of that contract, the form and tenor of the note whereon he thus becomes liable does not necessarily determine his rights, or his relations to the party for whose accommodation he indorses. The note may be in such form and tenor as to disclose what the contract in that respect was; but if not, the real question, whether it was indorsed and paid for the use of another, is to be determined by evidence showing the actual agreement between the parties.

The instructions given were in all respects accurate and carefully guarded.                        *Exceptions overruled.*